
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY MULVIHILL,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PACIFIC MARITIME ASSOCIATION;<br>INTERNATIONAL LONGSHOREMENS<br>AND WAREHOUSEMENS UNION,<br>Local 19,<br><br>        Defendants - Appellees. | No. 13-35208<br><br>D.C. No. 2:10-cv-01811-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted December 9, 2014[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Beverly Mulvihill brings a gender and age discrimination action under Title

VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Employment Act ("ADEA"), and the Washington Law Against Discrimination ("WLAD") against her employer, Pacific Maritime Association ("PMA"), and her union, the International Longshore and Warehouse Union, Local 19 ("Union"). We review both the district court's grant of summary judgment and Federal Rule of Civil Procedure 12(b)(6) dismissal de novo. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). We affirm.

The district court properly dismissed Mulvihill's Title VII and ADEA claims arising before November 2009 as time-barred because they fell outside of the 300-day statutory period triggered by filing charges with the EEOC. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002). Similarly, the district court properly denied Mulvihill's WLAD claims that occurred prior to March 2007 as falling outside of the state law statute of limitations period. *See Antonius v. King Cnty.*, 103 P.3d 729, 732 (Wash. 2004). The only incidents Mulvihill alleges that could render her claims timely are altercations with co-workers (male and female) on two different occasions—both of which relate to belittlement, harassment, and discrimination due to her inferior *job status*, not due to her age or gender. Thus, Mulvihill failed to establish a prima facie claim for a hostile work environment case and all alleged acts outside of the statutory periods are time-barred.

The district court properly granted summary judgment in favor of PMA and the Union because Mulvihill also failed to establish a genuine issue of material fact with regard to the remaining timely alleged incidents of discrimination. Even if Mulvihill's flawed statistical analysis was sufficient to establish a prima facie case of discrimination under Title VII and the ADEA, Mulvihill has failed to demonstrate that PMA's stated reason for her termination under its "three-strikes" rule was pretextual and she has waived any claims against the Union. *See Schechner v. KPIX-TV*, 686 F.3d 1018, 1025 (9th Cir. 2012); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660-61 (9th Cir. 2002); *cf. McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Finally, although we have not yet addressed the "sex-plus-age" theory of discrimination under Title VII that Mulvihill asserts, the district court did not err in this regard where it expressly considered the combination of both Mulvihill's age *and* sex when reaching its holding.

**AFFIRMED.**

3